SAMUEL A. MARSHALL vs. THE TRUSTEES OF THE FIRST PRESBYTERIAN CHURCH OF THE CITY OF PORT HURON.

A contract cannot by assignment be divided so as to give separate liens or causes of action.

An assignment, ' For a valuable consideration to me paid by Edmund Fitzgerald, I hereby assign the above contract, and all payments and claims due thereon, to him, his heirs and assigns"—is an assignment of the whole contract, and the assignor cannot in his own name enforce a lien for any balance afterwards becoming due, at least until after reassignment.

A contract with A, B and C, described to be "trustees," but who promise and sign without the addition of "trustees," &c., is a personal contract, and does not create a lien upon the property of the society of which they are trustees, but is personal only.

*St. Clair Circuit, in Chancery, July,* 1870.

*John Atkinson* and *A. E. Chadwick,* Solicitors for Complainant.

*O. B. J. Atkinson* and *B. C. Farrand,* Solicitors for Defendants.

Case commenced and heard in vacation.

MITCHELL, J.—The facts involved in this case are all substantially set forth in the statement of the case of Fitzgerald against the same defendants, and differs from that in the fact that in this case Marshall, who assigned to Fitzgerald seeks to enforce a lien made by the same contract over and above the amount claimed to have been assigned to Fitzgerald, and this case is decided without any further recapitulation of the facts.

The petition is filed against Robert Wilson and others, trustees, &c., and their successors in office, states the assignment to Fitzgerald of $1,199, and that the balance, about $2,900, belongs to petitioner, and that he has a lien therefor upon the church proprety.

I am compelled to hold that the contract, and resulting lien, is an entirety and cannot be divided into separate claims or liens, and that separate proceedings by different or the same parties under the same contract cannot be maintained unless it may be that the statute authorizes the contractor and sub-contractor to set up and file petitions for separate liens. It is clear such seperation does not extend to the contractor and his assignees.

That the contract is with Robert Wilson and others, as individuals, and not as trustees, the undertaking promise and signature being by them individually, and not as trustees, and not ndertaking to bind the church, the church is in no way bound by the contract of those individuals. The fact that the words "trustees" &c., follow their names in the part of the contract, stating between whom it was made (but being no part of the promise, and they promising and assigning without that addition) can make no difference, and the words " trustees, &c.," must be treated as *descriptio personae* only, and not stating that they contracted as trustees or in what capacity.

That the assignment to Fitzgerald was an assignment of the whole contract, and not of the part then due only, but of all to become due, and it so far divested Marshall of all interest therein as to put it out of his power to sue for any amount due on it or to enforce any lien he might otherwise have had under it until after reassignment.

That the contract being with Robert Wilson and others individually, and they not individually owning the lands upon which the lien is sought to be enforced, this petitioner has no lien upon the church property.

It follows that the petition must be dismissed with costs, but without prejudice to any other remedy at law or in equity.